97 F.3d 1460
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Reinaldo Antonio PADILLA-ROCHA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70432.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 16, 1996.*
Decided Sept. 25, 1996.
 
 1
 Petition to Review a Decision of the Immigration and Naturalization Service, No. Asp-pth-ofp.
 
 
 2
 B.I.A.
 
 
 3
 REVIEW DENIED.
 
 
 4
 Before: BEEZER and THOMPSON, Circuit Judges, and GILLMOR, District Judge.**
 
 
 5
 MEMORANDUM***
 
 
 6
 Reinaldo Antonio Padilla-Rocha, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' (BIA) affirmance of an Immigration Judge's (IJ) decision denying his application for asylum and withholding of deportation pursuant to 8 U.S.C. §§ 1158(a) and 1253(h). The IJ and the BIA held that Padilla-Rocha failed to establish past persecution or a well-founded fear of future persecution should he be deported to Nicaragua. We have jurisdiction over this petition for review pursuant to 8 U.S.C. § 1105a(a).
 
 
 7
 Because the BIA conducted a de novo review of the record and made an independent judgment about whether Padilla-Rocha is entitled to asylum or withholding of deportation, we review only the BIA's decision. Yepes-Prado v. INS, 10 F.3d 1363, 1366-67 (9th Cir.1993).
 
 
 8
 We review the BIA's denial of asylum and withholding of deportation for abuse of discretion. Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995). Factual findings underlying the BIA's decision, such as whether the alien has shown a well-founded fear of persecution, are reviewed for substantial evidence. Id. at 861. Under this standard, we review the BIA's findings by a slightly stricter scrutiny than the clear error standard. Id.
 
 
 9
 The BIA held that Padilla-Rocha failed to establish past persecution, or a well-founded fear of future persecution, based on one of the five enumerated grounds in section 208(a) of the Immigration and Nationality Act. 8 U.S.C. § 1101(a)(42) (listing race, religion, nationality, membership in a particular social group, and political opinion). Exercising the requisite deferential review of this factual finding, we cannot say the BIA erred.
 
 
 10
 The primary grounds for Padilla-Rocha's fear of persecution are his failure to follow an order to draft underage boys into military service and his desertion from the service. Nothing in the record suggests that a servicemember's failure to follow a Sandinista military order of this sort will result in punishment under the current democratic regime. And, with regard to his desertion, the IJ noted that the current democratic regime has granted amnesty to servicemembers who deserted the Sandinista military.
 
 
 11
 Even assuming arguendo that Padilla-Rocha will face punishment for his actions, his fear is not of political persecution but prosecution for breach of military discipline. See Espinoza-Martinez v. INS, 754 F.2d 1536, 1540 (9th Cir.1985) (describing alien's prosecution for desertion from Nicaraguan military as punishment for "routine, nonpolitical crime"). The same reasoning applies to his past interrogation and detention.
 
 
 12
 We are not persuaded that the BIA erred in finding that Padilla-Rocha did not suffer past persecution, and has no objectively reasonable fear of future persecution. The circumstances surrounding Padilla-Rocha's brother's death do not compel a contrary conclusion. Despite Padilla-Rocha's belief that his brother's death was suspicious, there is no corroborating evidence in the record linking that death to the Sandinistas. The incident occurred approximately three years after Padilla-Rocha's brother was interrogated for suspected rebel activities.
 
 
 13
 Nor does the record support a conclusion that the political beliefs of Padilla-Rocha's brother will be imputed to Padilla-Rocha. Padilla-Rocha admitted in his testimony that other members of his family, who live in Nicaragua, have not experienced any trouble.
 
 
 14
 We are mindful of the evidence introduced by Padilla-Rocha of the continued unrest and political influence of the Sandinistas in Nicaragua. These are, however, general conditions affecting the population as a whole. Without any evidence that such conditions pose an individualized harm to Padilla-Rocha, they are insufficient to warrant asylum. See Sanchez-Trujillo v. INS, 801 F.2d 1571, 1579 (9th Cir.1986).
 
 
 15
 Finally, we agree with the BIA that Padilla-Rocha's inability to show a well-founded fear of persecution sufficient for a grant of asylum by necessity requires a finding that he is ineligible for withholding of deportation. INS v. Stevic, 467 U.S. 407, 429 (1984).
 
 
 16
 The petition for review is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Helen Gillmor, United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3